IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 16, 2016 at Knoxville

## STATE OF TENNESSEE v. OSCAR C. WELLS

**Appeal from the Criminal Court for Shelby County**
**Nos. 01-03299, 01-13119     James C. Beasley, Jr., Judge**

**No. W2016-00170-CCA-R3-CD  -  Filed September 26, 2016**

The defendant, Oscar C. Wells, appeals the summary dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence imposed for his 2002 Shelby County Criminal Court jury conviction of first degree murder.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Oscar C. Wells, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Shelby County Criminal Court jury convicted the defendant of one count of first degree murder and one count of especially aggravated robbery, and the trial court imposed a total effective sentence of life plus 10 years' incarceration. *See State v. Oscar C. Wells*, No. W2002-01486-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Jackson, September 16, 2003).[1]  The defendant's subsequent bid for post-conviction relief was unsuccessful, *see Oscar C. Wells v. State*, No. W2009-02231-CCA-R3-PC (Tenn. Crim. App., Jackson, September 15, 2010), *perm. app. denied* (Tenn. Feb. 16, 2011), and, on December 1, 2015, the defendant moved the trial court pursuant to Tennessee Rule of

---

[1]     The defendant does not challenge the 10-year sentence imposed for his especially aggravated robbery conviction.

Criminal Procedure 36.1 to correct his allegedly illegal sentence. The defendant claimed entitlement to Rule 36.1 relief based upon "several constitutional and statutory" flaws in Code section 40-35-501 with regard to parole eligibility. He argued that the trial court and the Tennessee Department of Correction had incorrectly interpreted Code section 40-35-501(h) to require that he serve a minimum of 51 years of his life sentence before being paroled.

The trial court summarily dismissed the defendant's motion, concluding that the defendant had failed to state a colorable claim for Rule 36.1 relief.

In this timely appeal, the defendant contends that the trial court erred by summarily dismissing his motion. He reiterates his claim that Code section 40-35-501(h) has been misinterpreted and misapplied in his case. The State asserts that summary dismissal was appropriate.

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Wooden, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

Although Rule 36.1 purports to allow for the correction of an illegal sentence "at any time," see Tenn. R. Crim. P. 36.1, our supreme court has concluded that "the phrase 'at any time' has no bearing on whether Rule 36.1 authorizes relief from expired illegal sentences" but instead "conveys two other important, but unrelated, principles: (1) an illegal sentence may be corrected 'at any time, even if [the sentence] has become final,' and (2) Rule 36.1 motions, like habeas corpus petitions, are not subject to any statute of limitations." *State v. Brown*, 479 S.W.3d 200, 210 (Tenn. 2015). The high court ultimately held "that Rule 36.1 does not expand the scope of relief and does not authorize the correction of expired illegal sentences. Therefore, a Rule 36.1 motion

may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired." *Id.* at 211.

The life sentence for the defendant's conviction of first degree murder was authorized at the time of the offense and does not contravene any applicable statute. *See* T.C.A. § 39-13-204; -207. In addition to being inaccurate, *see Christopher A. Williams v. State*, No. W2013-00555-CCA-R3-HC, slip op. at 2 (Tenn. Crim. App., Jackson, Sept. 30, 2013), *perm. app. denied* (Tenn. Dec. 10, 2013), ("[T]his court has observed that the phrase 'life with parole' is inaccurate because a defendant sentenced to life is entitled 'to be released, as opposed to being paroled, after serving 100 percent of sixty years less any eligible credits so long as they do not operate to reduce the sentence by more than 15 percent, or nine years' . . . ." (quoting *State v. Kermit Penley*, No. E2004-00129-CCA-R3-PC, slip op. at 4 (Tenn. Crim. App., Knoxville, Nov. 1, 2004)), the defendant's claim that the current interpretation of Code section 40-35-501 regarding the number of years that must be served before release from a life sentence does not match the legislative intent behind the statute would not affect the legality of his sentence and would not, therefore, be cognizable in a Rule 36.1 proceeding.

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE